**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

KALEEL WILSON,                  :
                                    Civil Action No. 10-2783 (NLH)
          Petitioner,           :

     v.                         :     **OPINION**

DONNA ZICKEFOOSE,               :

          Respondent.           :

**APPEARANCES**:

Petitioner pro se
Kaleel Wilson
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640


**HILLMAN**, District Judge

    Petitioner Kaleel Wilson, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus[1] and an

---

[1] Petitioner bring his claim pursuant to 28 U.S.C. Section 2241 which provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

application for leave to proceed in forma pauperis.  The sole respondent is Warden Donna Zickefoose.

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania of (1) possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), (2) possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1).  He was sentenced to an aggregate term of 180 months imprisonment, pursuant to which he is now confined.  See United States v. Wilson, Criminal No. 07-0732 (E.D. Pa.).[2]

Here, Petitioner asserts that the Bureau of Prisons has "improperly" applied to him a Sex Offender Public Safety Factor based upon a conviction for Indecent Assault when Petitioner was

---

[2] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

a minor.  Petitioner alleges that he has exhausted his administrative remedies and attaches to the Petition the May 14, 2010, administrative remedy response by the U.S. Bureau of Prisons Central Office.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773

F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

A. Jurisdiction

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

4

The Court of Appeals for the Third Circuit has held that habeas corpus is also an appropriate mechanism for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. Distinguishing Woodall, the Court of Appeals has held that a challenge to a garden-variety transfer is not cognizable in habeas. See Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007). In addition, the Court of Appeals has held that a federal prisoner's challenge to a security classification "does not fall within the narrow jurisdictional ambit of Woodall." Burnam v. Marberry, 313 Fed.Appx. 455, 456, 2009 WL 449151, 1 n.2 (3d Cir. 2009).

Accordingly, this Court lacks jurisdiction, in habeas, to consider Petitioner's challenge to his security classification. In any event, however, to the extent this Court could exercise jurisdiction over Petitioner's claim, it is meritless.

B.   Petitioner's Classification

With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt v. Helms, 459 U.S. 460, 468 (1983), and Sandin v. Conner, 515 U.S. 472, 480 (1995).

Governments may confer on prisoners liberty interests that are protected by the Due Process Clause.  "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state conceivably might create liberty interest).  See also Asquith v. Department of Corrections, 186 F.3d 407, 411-12 (3d Cir. 1999) (return to prison from halfway house did not impose "atypical and significant hardship" on prisoner and, thus, did not deprive him of protected liberty interest).

It is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement.  See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242.  Thus, for example, there is no due process violation in assigning a prisoner a Sex Offender Public Safety Factor.  See Day v. Nash, 191 Fed.Appx. 137, 2006 WL 2052335 (3d Cir. 2006).

Similarly, here, Petitioner has no liberty interest in avoiding the assignment to him of a particular security classification.  To the contrary, Congress has delegated to the Attorney General, and the Bureau of Prisons, the authority to determine a prisoner's appropriate classification and place of confinement.  See, e.g., 18 U.S.C. § 3621; 28 C.F.R. § 0.96; BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification.

Petitioner has alleged no facts suggesting that the assignment to him of a particular security designation has subjected him to "atypical and significant" hardship.  Cf. Marti v. Nash, 2006 WL 840397, *3 (D.N.J. March 27, 2006), aff'd, 227 Fed.Appx. 148, 2007 WL 1072969 (3d Cir. 2007) (prisoner, whose assignment to PSF of Greatest Severity prevented his placement at minimum security level facility, had no due process right to any

particular security classification); Day v. Nash, 2005 WL 2654089, *2-3 (D.N.J. Oct. 12, 2005), aff'd, 191 Fed.Appx. 137 (3d Cir. 2006) (no due process violation in assignment of Sex Offender PSF).

To the extent the Petition could be read as arguing that the BOP's assignment to Petitioner of a particular security classification is "arbitrary and capricious" in violation of § 706 of the Administrative Procedure Act, Congress has precluded judicial review of such claims. See 18 U.S.C. § 3625. See also Burnam v. Marberry, 313 Fed.Appx. 455, 456, 2009 WL 449151, 1 (3d Cir. 2009); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998).

Accordingly, Petitioner has failed to establish any due process violation in the assignment to him of a particular security classification or place of confinement.  Petitioner is not entitled to relief on his claims.

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction or, in the alternative, denied on the merits.  An appropriate order follows.


At Camden, New Jersey				<u>/s/ NOEL L. HILLMAN      </u>
						Noel L. Hillman
						United States District Judge

Dated: December 20, 2010